■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB SWIFT, Appellant. [708 NYS2d 611] Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered January 3, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 17 years to life, unanimously affirmed.

Defendant failed to preserve his challenge to the prosecutor's summation comment on defendant's opportunity to tailor his testimony as a result of hearing the other witnesses and we decline to review it in the interest of justice. Were we to review this claim, we would conclude that the decision of the United States Supreme Court in *Portuondo v Agard* (529 US 61) is dispositive of the issues raised by defendant and that there is no basis upon which to reach a different result as a matter of State constitutional law. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Friedman, JJ.

■ JOHN HUNTEMANN, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [708 NYS2d 851] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered June 16, 1999, which confirmed an arbitration award of underinsured motorist benefits in favor of petitioner insured and against respondent insurer, unanimously affirmed, with costs.

The arbitrator did not exceed his authority or rule irrationally in determining that the policy coverage for "all sums that the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured" included future economic loss as well as pain and suffering. Even assuming that duplication of a workers' compensation award is a ground for vacating an award of underinsured motorist benefits, no basis exists for finding any such duplication here, as the arbitrator made it clear that this award was for the wage differential over the workers' compensation amount. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Friedman, JJ.